# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2025

Lyle W. Cayce
Clerk

_____

No. 24-40753

_____

In re Eugenio Fernandez Mendez,

*Movant.*

_____

Motion for an Order Authorizing
the United States District Court
for the Southern District of Texas
to Consider a Successive 28 U.S.C. § 2254 Application

_____

UNPUBLISHED ORDER

Before Stewart, Southwick, and Higginson, *Circuit Judges.*

Per Curiam:

Eugenio Fernandez Mendez, Texas prisoner # 1159660, moves for authorization to file a second or successive 28 U.S.C. § 2254 application challenging his conviction and sentence for murder. He proposes to raise claims that prosecutors engaged in misconduct during trial, that the trial court erred by allowing the misconduct, and that his trial counsel rendered ineffective assistance by failing to object under the Confrontation Clause.

This court may not authorize a movant to raise claims presented in a prior § 2254 application. 28 U.S.C. § 2244(b)(1). To obtain authorization for a claim not previously raised, the movant must make a prima facie showing that (1) the claim relies on a new rule of constitutional law that was

No. 24-40753

made retroactive to cases on collateral review by the Supreme Court and was previously unavailable, or that (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the underlying facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. *See* 28 U.S.C. § 2244(b)(2), (b)(3)(C).

Authorization is not available for claims presented in Fernandez Mendez's initial § 2254 application. *See* 28 U.S.C. § 2244(b)(1). To the extent he seeks to present a claim not presented previously, he fails to make the required showing. *See* 28 U.S.C. § 2244(b)(2), (b)(3)(C). Accordingly, IT IS ORDERED that his motion for authorization to file a successive § 2254 application is DENIED.